972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosalyn B. HAAS, Plaintiff-Appellant,
v.
Donald F. SAMMIS, et al., Defendants,
and
Douglas O. Allred and Douglas Allred Company, a California
Corporation, Defendants-Appellees.
 No. 91-55854.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided July 31, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 1. Securities fraud claims
 
 2
 In Moore v. Kayport Package Express, Inc., 885 F.2d 531, 537 (9th Cir.1989) (citing Pinter v. Dahl, 486 U.S. 622, 647 (1988)), we held that a party is liable under section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l, only if "[he or she] solicited the purchases and [was] motivated, at least in part, by financial gain." Haas has not alleged, nor is there any evidence, that Allred solicited her to purchase the interest in Mission Center II. She therefore cannot recover under section 12(2).
 
 
 3
 Haas relies on H.B. Holdings Corp. v. Scovill, Inc., Fed.Sec.L.Rep. (CCH) p 95201, 95811 (S.D.N.Y. March 23, 1990). She argues that we should discern the true seller of the interest in Mission II just as the court in H.B. Holdings discerned the true buyer of the Hamilton Beach shares. Unlike Scovill, Allred did not solicit the purchase of the subject securities. H.B. Holdings does not preclude summary judgment.
 
 
 4
 Haas' "single integrated transaction" argument similarly fails. Allred, in a sense, sold Sammis the interest in Mission Center II that Sammis subsequently sold to Haas. Nevertheless, under Pinter, Haas must establish that Allred solicited her to purchase the interest in Mission Center II. See Moore, 885 F.2d at 537. We understand Haas' argument, but, even if there is a single integrated transaction, she cannot recover under section 12(2).
 
 
 5
 Finally, Haas argues that Allred was "well positioned to control the flow of information." Pinter, 486 U.S. at 646. The Court in Pinter was referring to "brokers and other solicitors," i.e., "the participants in the selling transaction who most often disseminate material information to investors." Id. Allred did not actively participate in the Sammis-Haas transaction. Haas' policy argument is unpersuasive.
 
 2. Fiduciary duty to prospective purchaser
 
 6
 The duty to disclose all material facts regarding the value of the partnership applies only to the actual seller. We recognize that Eisenbaum v. W. Energy Resources, Inc., 267 Cal.Rptr. 5 (Cal.Ct.App.1990), contains dicta that may be interpreted as support for Haas' argument that this duty applies to all insiders, but the holding is that "an insider-promoter [has] both a common law and statutory duty to disclose all material facts to a subscriber...." Id. at 11. Allred did not solicit Haas to purchase the interest in Mission Center II, Eisenbaum does not preclude summary judgment.
 
 3. Vicarious liability
 
 7
 Allred alleges that Sammis violated Cal.Corp.Code § 25401. Under Cal.Corp.Code §§ 15013 and 15015(a), Allred is liable for any loss or injury caused by the alleged wrongdoing if: (1) the sale of the interest in Mission Center II was in the ordinary course of business and (2) Haas is not a partner of Mission Center II for the purposes of this action.
 
 
 8
 California courts have not addressed whether a partner's sale of his or her partnership interest is in the ordinary course of business, but Allred argues persuasively that it is not. Haas argues that a partnership raises capital by selling its shares, but Mission Center II did not sell any shares; Sammis sold his interest to Haas, and no additional capital was injected into the partnership. Since Haas has not established that the sale was in the ordinary course of business, it is unnecessary to address whether she is a partner for purposes of this action.
 
 
 9
 Haas' reliance on Ellis v. Mihelis, 384 P.2d 7, 13-14 (Cal.1963), McCleod v. Fox West Coast Theatres Corp., 74 P.2d 276, 279 (Cal.1937), and Owens v. Palos Verdes Monaco, 191 Cal.Rptr. 381, 386-88 (Cal.Ct.App.1983), is misplaced. The cases merely describe the limits of a partner's apparent authority under Cal.Corp.Code § 15009 and its predecessor. Sammis' apparent authority to sell an additional interest in Mission Center II is not at issue because, as Haas was well aware, Sammis was selling his own existing partnership interest.
 
 4. Motion for summary judgment
 
 10
 The pivotal issue is whether Allred solicited Haas to purchase the interest in Mission Center II. Haas certainly would be aware of any such solicitation, yet she has not claimed, by affidavit or otherwise, that the solicitation occurred. The district court did not abuse its discretion in rejecting Haas' argument that further discovery would reveal facts that would have precluded summary judgment. See Klingle v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988) (standard of review).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3