990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Lee DANIEL, Plaintiff-Appellant,
v.
Mark IHDE, Sheriff, Sonoma County Jail; et al., Defendants-Appellees.
 No. 92-16543.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 16, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Daniel, a California state prisoner, appeals pro se the district court's order denying his motion to compel discovery, granting summary judgment to appellees, and dismissing his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the district court's order and remand for further proceedings.
 
 
 3
 We review do novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements of the summary judgment rule, Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Fed.R.Civ.P. 56(e). Id. at 411. Courts cannot avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, the district court granted the appellees' motion for summary judgment without advising Daniel of the requirements of Fed.R.Civ.P. 56(e). If the district court relied on the fact that Daniel had filed his own motion for summary judgment and a motion to compel discovery as a basis for knowing the requirements of Fed.R.Civ.P. 56(e), it erred in not advising Daniel of the Rule's requirements: the filing of a motion for summary judgment and motion to compel discovery does not alleviate the court's burden to inform the prisoner of the requirements of Fed.R.Civ.P. 56(e). See id.
 
 
 5
 Accordingly, we vacate the district court's order and remand for further proceedings.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3