24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arcadio S. ACUNA, Plaintiff-Appellant,
v.
James ROWLAND, Director of Corrections of the State of
California, in his official capacity and
individually; et al., Defendants-Appellees.
 No. 93-15302.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arcadio S. Acuna, a California state prisoner, appeals pro se the district court's order granting summary judgment for defendant prison officials in Acuna's 42 U.S.C. Sec. 1983 action. Acuna alleged violations of his constitutional rights arising from restrictions imposed upon him in administrative segregation at the California State Prison--Folsom. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam), and affirm.
 
 
 3
 Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Tipton v. University of Hawaii, 15 F.3d 922, 925 (9th Cir.1994).
 
 
 4
 To state a section 1983 claim, the plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623.
 
 
 5
 * Eighth Amendment Claims
 
 
 6
 In his complaint, Acuna alleged that defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by implementing a policy that denied certain personal hygiene items to administrative segregation inmates. Acuna contends that these conditions, in total, constitute cruel and unusual punishment. This contention lacks merit.
 
 
 7
 To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Generally, a prison's "obligation under the [E]ighth [A]mendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (quotations omitted). In evaluating an Eighth Amendment claim based on conditions of confinement, a court must look at each alleged condition individually rather than at the totality of conditions. Id. at 1246-47.
 
 
 8
 Here, Acuna alleged that he was denied bar soap, deodorant, toothpaste, skin lotion, new razors and daily showers, and that the showers were not cleaned every day. He conceded, however, that he was allowed to shower every other day, with liquid soap, that razors and toothpowder were provided, and that the showers were cleaned weekly. Because the Constitution only requires a prison to provide a prisoner with "adequate" hygiene, id. at 1246, we conclude that defendants did not violate Acuna's Eighth Amendment rights with regard to personal hygiene, see Rhodes, 452 U.S. at 347 ("conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society").
 
 
 9
 Acuna also alleged that defendants violated the Eighth Amendment by implementing policies that deny administrative segregation inmates access to the canteen, to their personal property, and to personal packages. Acuna conceded, however, that his personal property and any packages which arrived were stored until he left administrative segregation. Thus, defendants did not violate Acuna's Eighth Amendment rights with regard to these allegations. See Pell v. Procunier, 417 U.S. 817, 822 (1974) (stating that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system" (quotations omitted, alteration in original)).
 
 II
 Law Library Access
 
 10
 Acuna also alleged that he was denied adequate access to paper and writing materials and to the law library. To the extent Acuna contends that he was denied access to the courts, this contention lacks merit.
 
 
 11
 It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or adequate assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). A prisoner bringing a denial-of-access-to-the-courts claim must allege either (1) the denial of an adequate law library or adequate assistance, or (2) an actual injury to court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 12
 Here, Acuna's sole allegation with regard to this claim is that he was only allowed two visits to the law library while he was in administrative segregation, and that the library's resources were inadequate and out of date. Acuna failed to allege any facts to support his claim that the library's resources were inadequate. Nor did Acuna allege that he requested additional visits which were denied. Finally, Acuna failed to allege an "actual injury" of some specific instance where he was denied access to the courts. See id. Therefore, the district court did not err by granting summary judgment for defendants on this issue. See id.
 
 III
 Propriety of Summary Judgment
 
 13
 Acuna contends that the district court improperly granted summary judgment because the defendants acted in bad faith in failing to comply with his discovery requests. This contention lacks merit.
 
 
 14
 The record indicates that Acuna propounded numerous discovery requests to the defendants during the approximately eighteen months he conducted discovery. While the defendants objected to a number of Acuna's discovery requests as overly broad or burdensome, the record indicates that defendants answered the majority of Acuna's requests or informed Acuna of alternate sources for much of the information requested.
 
 
 15
 On appeal, Acuna suggests that defendants acted in bad faith by refusing his request for the addresses of and permission to correspond with 300 potential witnesses who had been inmates in administrative segregation. Acuna contends that because the discovery process was therefore never completed, the district court should not have granted summary judgment for defendants. The record indicates, however, that Acuna obtained the affidavits of eleven inmates regarding the conditions of their confinement at Folsom and presented this evidence to the district court. As we stated above, the personal hygiene restrictions in administrative segregation did not violate Acuna's Eighth Amendment rights. Acuna fails to show how similar information from 290 additional inmates would have avoided summary judgment on this issue.
 
 
 16
 Acuna also contends that summary judgment was improper because the defendants' intent was at issue. This contention lacks merit.
 
 
 17
 In establishing conditions of confinement, prison officials violate prisoners' Eighth Amendment rights when they manifest an unnecessary and wanton disregard for any resulting allegedly unconstitutional prison conditions. See Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991); Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 
 18
 Here, the district court found that the conditions of confinement in administrative segregation which Acuna complained of did not violate the Eighth Amendment. Therefore, the defendants' intent in creating those conditions was not a material issue for the district court to consider. The district court did not err by granting summary judgment for the prison officials on this issue. See Wilson, 111 S.Ct. at 2326; Whitley, 475 U.S. at 319.
 
 
 19
 Finally, Acuna contends for the first time in his reply brief that the district court erred by granting defendants' motion for summary judgment without giving him notice of the requirements for summary judgment rulings under Fed.R.Civ.P. 56 pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988). While we ordinarily do not consider issues raised for the first time in a reply brief, see Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990), because Acuna is proceeding pro se, in the exercise of our discretion we will address this contention.
 
 
 20
 District courts are obligated to advise prisoner pro per litigants of Rule 56 requirements. Klingele, 849 F.2d at 411-12. Here, prior to the filing of defendants' motion for summary judgment, Acuna was given a full opportunity for discovery, including interrogatories and document production. Acuna filed a pretrial statement with the district court, which included a statement of the evidence he intended to present at trial and the affidavits of eleven prisoner witnesses. The district court, after reviewing the entire record, found that Acuna failed to come forward with evidence sufficient to establish the existence of any elements essential to his case. While Acuna contends on appeal that he was denied access to further potential witnesses, he fails to describe what evidence he could have obtained from these witnesses which would have defeated the defendants' summary judgment motion. See id. at 412. Thus, although the district court did not advise Acuna of the requirements for summary judgment per se, we conclude that the error was harmless. See id.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3