29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie F. HESS, Plaintiff-Appellant,
v.
Amy PINKLEY-WERNZ; George Williams; Charlie Keaton,
Defendants-Appellees.
 No. 93-35723.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie F. Hess, an Oregon state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in Hess's 42 U.S.C. Sec. 1983 action. Hess contends that defendants violated his due process rights by providing false information to the Oregon State Board of Parole. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements for summary judgment under Rule 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. This bright line rule applies to all pro se litigants no matter how legally sophisticated they may appear. Id. A court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, the defendants filed a motion for summary judgment supported by affidavits. In response, Hess filed only a one paragraph statement in opposition. Hess's opposition does not address the merits of the summary judgment motion nor was Hess's opposition supported by affidavits or other admissible evidence as required by Rule 56(e). The district court granted defendants' motion for summary judgment without advising Hess of the requirements of Rule 56(e). In this case, Hess did not receive fair notice of the requirements of the summary judgment rule. Accordingly, we vacate the district court's grant of summary judgment. On remand, the district court should advise Hess of Rule 56 standards and give him an opportunity to respond to the motion for summary judgment.[1] See id.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we vacate and remand to allow Hess to oppose the motion for summary judgment, we do not reach the district court's ruling on the merits of Hess's claims