42 F.3d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard LAURANZANO, Plaintiff-Appellee,
v.
D. UMFLEET, Defendant,
S. Hubbard, Defendant-Appellant,
and
D.L. Arcamone, Defendant-Appellant.
 No. 94-15745.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1994.*
Decided Nov. 22, 1994.
 
 Before: FARRIS, BOOCHEVER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff/Appellee Richard Lauranzano (Lauranzano) brought the current action under 42 U.S.C. Sec. 1983, alleging that correctional officers violated his federal civil rights. Defendants/Appellants S. Hubbard and D.L. Arcamone (the officials), moved for summary judgment claiming that qualified immunity protected them from suit.
 
 
 3
 The district court denied the motion. The district court decided that genuine issues of material fact existed. Also, the district court stated that Federal Rule of Civil Procedure 56(f) allowed it to deny summary judgment when essential facts remained to be discovered.
 
 
 4
 The officials timely appealed the denial of summary judgment.[1] Denial of a motion for summary judgment raising a defense of qualified immunity is an appealable final order within the meaning of 28 U.S.C. Sec. 1291. Lindsey v. Shalmy, 29 F.3d 1382, 1383 n. 1 (9th Cir.1994) (citing Mitchell v. Forsyth, 472 U.S. 511 (1985)). We review denial of summary judgment regarding the defense of qualified immunity de novo. Id. at 1384. We affirm.
 
 
 5
 Qualified immunity is not merely a defense to liability. Mitchell, 472 U.S. at 526. Qualified immunity is a right not to stand trial and, where the circumstances warrant, to avoid being subjected to discovery. Id. Thus, before we consider Lauranzano's discovery demands, we must consider the officials' assertion of entitlement to qualified immunity.
 
 
 6
 When a public official[2] asserts qualified immunity from liability in a Section 1983 action, the district court must determine whether, in light of clearly established principles governing the conduct in question, the official objectively could have believed that his conduct was lawful. Act Up!/ Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993) (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). This standard requires a two-part analysis: 1) Was the law governing the official's conduct clearly established? 2) Under that law, could a reasonable official have believed the conduct was lawful? Id.
 
 
 7
 Whether an asserted federal right was clearly established, so that a public official who allegedly violated the right may not have qualified immunity from suit, presents a question of law. Elder v. Holloway, --- U.S. ----, ----, 114 S.Ct. 1019, 1023 (1994). On appeal, we must resolve that question de novo. Id.
 
 
 8
 In the instant case, Lauranzano asserts that his correctional officers retaliated against him for exercising his First Amendment right to free speech, in connection with his involvement in the Gates v. Deukmejian, CIV S-87-1636 LKK/JFM, civil rights litigation. At the time of the alleged retaliations, it was clearly established that it was unlawful to retaliate against a prisoner for bringing or assisting in civil rights litigation. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) (finding that inmate stated cause of action against prison official for retaliating against him because of exercise of his First Amendment rights to bring and assist in civil rights litigation). Thus, Lauranzano has carried his burden of showing the law was clearly established.
 
 
 9
 The second inquiry in determining whether the officials are entitled to qualified immunity requires the court to decide whether a reasonable official could have believed his actions were lawful. In the instant case, Lauranzano stated in his opposition to the officials' motion for summary judgment that because of lack of discovery, he could not produce evidence to the material issues of fact relating to whether the officials' acts were retaliatory. Federal Rule of Civil Procedure 56(f) allows a district court to deny summary judgment when essential facts remain to be discovered. Fed.R.Civ.P. 56(f). However, Lauranzano has the burden of identifying a disputed material fact that further discovery would reveal. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988) (stating that burden is on nonmoving party to show what material facts would be discovered that would preclude summary judgment).
 
 
 10
 We have held that, if a genuine issue of fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial. Alexander v. City and County of San Francisco, 29 F.3d 1355, 1364 (9th Cir.1994). In this case, the district court concluded that Lauranzano carried his burden of showing that further discovery would raise a genuine issue of fact. We review discovery rulings for abuse of discretion. Klingele, 849 F.2d at 412.
 
 
 11
 In the instant case, the district court found that further discovery might have established the predicate for Lauranzano's claims that the prison officials retaliated against him. Specifically, Lauranzano stated that the officials knew about his involvement in the Gates litigation. The officials insist that they did not know about his involvement and so could not have been retaliating against him in response. Lauranzano requested production of a records log that might show that the officials did indeed know about his involvement in the litigation. In light of this possible material dispute, the district court did not abuse its discretion by finding that further discovery was appropriate.
 
 
 12
 The district court in its discretion decided that Lauranzano's proposed discovery might have revealed whether the officials reasonably believed that they were acting lawfully or whether they were in fact illegally retaliating. It was not error for the district court to conclude that, without further discovery, the issue of the official's entitlement to qualified immunity was not resolvable on summary judgment.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 In their "Statement of Issues," Appellants raised the issue of whether the district court abused its discretion in rejecting defendants' supplemental motion for summary judgment. However, Appellants do not address the issue in their fact statement or argument. Issues raised in a brief which are not supported by argument are deemed abandoned. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). Because we find that no manifest injustice would occur, we decline to address the issue. See id. (stating that we will only review issue not properly presented if our failure to do so would result in manifest injustice)
 
 
 [2]
 Prison officials and officers are public officials entitled to qualified immunity. Procunier v. Navarette, 434 U.S. 555, 561 (1978)