892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Henry FERDIK, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS, Flamenco Mental Health
Center, James McFadden, Warden, Art Boorujy,
Walter White, J. Medina, Flamenco Mental
Health Center, Defendants-Appellees.
 No. 88-2866.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1989.*
Decided Dec. 14, 1989.
 
 Before FARRIS, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-appellant Ferdik appeals pro se the district court's granting of defendants' motion for summary judgment on his 42 U.S.C. § 1983 action against the Arizona Department of Corrections, the Flamenco Mental Health Center, and four Center personnel. Ferdik's complaint asserts that these personnel denied him access to the mails, assaulted him, and subjected him to continuing intimidation and threats, in violation of the due process clause of the fourteenth amendment and the eighth amendment's prohibition against cruel and unusual punishment. Ferdik also contends on appeal that the defendants have had improper ex parte communications with the district judge. The defendants filed a timely Fed.R.Civ.P. Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, or, in the alternative, a Rule 56 motion for summary judgment. Ferdik filed a reply to the motion to dismiss and a cross-motion for summary judgment. The district court granted defendants' motion for summary judgment and denied plaintiff's cross-motion. We review the district court's decision de novo. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629-30 (9th Cir.1987).
 
 
 3
 Fed.R.Civ.P. Rule 12(c) provides that on a motion for judgment on the pleadings, the court may consider matters outside the pleadings and treat the motion as one for summary judgment under Rule 56. Rule 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
 
 
 4
 Before dismissing a pro se prisoner's complaint based on a motion for summary judgment, the district court must provide the prisoner with fair notice of the requirements of the summary judgment rule. Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988). Nothing in the record suggests that the district court informed Ferdik of the requirements of Rule 56. Thus, granting defendants' motion for summary judgment was inappropriate.
 
 
 5
 Finally, Ferdik's claim of improper ex parte communications between the defendants and the district judge is completely without merit. The only evidence Ferdik offers in support of this claim is a letter from an Arizona Assistant Attorney General to Judge David Grounds of the Maricopa County Superior Court. United States District Judge William P. Copple is the presiding judge in this case. There is absolutely no evidence of any ex parte communication between Judge Copple and the defendants.
 
 
 6
 The district court's order granting defendants' motion for summary judgment is reversed and the case is remanded with instructions to the district court to inform Ferdik of the requirements of Rule 56 and to grant him an opportunity to comply with the Rule before ruling on the summary judgment motion and cross-motion.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3