951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cleveland L. HARRIS, Plaintiff-Appellant,
v.
Nicholas F. BRADY, Secretary of Department of Treasury,
Defendant-Appellee.
 No. 90-56084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cleveland L. Harris, a federal prisoner, appeals pro se the district court's summary judgment dismissal of his Title VII action against the Secretary of the United States Department of the Treasury. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.
 
 
 3
 Before entering summary judgment against a pro se prisoner, the district court must provide the prisoner with notice that he is required to submit responsive evidence to meet a summary judgment motion. Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988) (citing Jacobsen v. Filler, 790 F.2d 1362, 1364 & n. 4 (9th Cir.1986)). This rule applies even where the prisoner appears to understand what is required. Id.
 
 
 4
 Here, after the Secretary filed a motion for summary judgment and then filed notice that he had not received any response from Harris, the district court issued a brief minute order setting the motion for hearing. The order did not explain that Harris was required to submit responsive evidence to establish a genuine issue of material fact for trial or give any other instructions regarding the requirements of Federal Rule of Civil Procedure 56. Harris subsequently filed a pro se response to the Secretary's summary judgment motion. As the Secretary noted in his reply, Harris did not identify any material facts for trial, and he did not submit any evidence to support his allegations.[1] Thus, the record shows that Harris did not understand what was required, and that the district court did not enlighten him.
 
 
 5
 Accordingly, we reverse the district court's order granting summary judgment and reinstate the case so that the district court may provide Harris with an opportunity to submit declarations or other evidence to meet the Secretary's motion. See Klingele, 849 F.2d at 411.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harris did submit exhibits to support his post-judgment motion, but the district court denied the motion on procedural grounds and did not consider whether, viewing the exhibits in the light most favorable to Harris, there remained any issues for trial. See White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990) (standard for granting summary judgment)