956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence Charles CALI, Plaintiff-Appellant,
v.
Henri SADACCA, Patrick Johnson, et al., Defendants-Appellees.
 No. 91-15672.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Charles Cali, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendants in this action for damages brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Cali alleges violations of his eighth and fourteenth amendment rights resulting from defendants' participation in the negotiation of a plea bargain and preparation of a presentence report following Cali's 1984 Arizona arrest for theft and burglary. Cali alleges that defendants, four employees of the Pima County Adult Probation Department, conspired and acted to impose an illegal sentence upon him. He also asserts pendent state law claims against the attorney who represented him during the plea proceedings. The plea agreement called for, and Cali was sentenced to serve two consecutive terms of probation, a sentence illegal under Arizona law.
 
 
 4
 We review de novo a district court's grant of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). We view the evidence in the light most favorable to the party opposing the motion and affirm only in the absence of any genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).[1]
 
 
 5
 Cali offered no more than the unsubstantiated allegations contained in his complaint in support of his claim. The uncontroverted sworn affidavits of defendants Patrick Johnson, Don Stiles, Sam Landa, and William Johnson establish that none of these defendants was responsible for the imposition or approval of the illegal sentence imposed on Cali. Only defendant Landa was in any way connected with the circumstances surrounding imposition of Cali's sentence, and he merely reported the terms of the plea agreement in a presentence report.
 
 
 6
 Therefore, in the absence of any facts establishing defendants' responsibility for the imposition of the illegal sentence on Cali, summary judgment was appropriate. See Taylor, 880 F.2d at 1045-46. Because the district court granted summary judgment in favor of the employees of the probation department, it properly dismissed without prejudice Cali's pendent state law claims against his attorney.[2] See Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Cali's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Before entering summary judgment against a pro se prisoner, the district court must provide the prisoner with notice that he is required to submit responsive evidence to meet a summary judgment motion. Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988). In its order dated May 8, 1990, the district court complied with this requirement
 
 
 [2]
 Cali's motion to supplement the record on appeal, filed January 15, 1992, is denied