21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard ASKIN, Plaintiff-Appellant,
v.
LYON COUNTY JAIL, Jeffrey Page; Jim Cassell; Rod D. Hall;
J. Roderick; Sherry Sherlock; Jim Curtis; and
Richard Marrs, Defendants-Appellees.
 No. 93-16934.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Richard Askin appeals pro se the district court's summary judgment in favor of defendants in Askin's 42 U.S.C. Sec. 1983 action alleging that employees of Lyon County violated his constitutional rights when he was a pretrial detainee in the Lyon County Jail. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). Before entering summary judgment against a pro se prisoner, the district court must provide the prisoner with notice that he is required to submit responsive evidence to meet a summary judgment motion. Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988). The district court cannot avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, after defendants moved for summary judgment, Askin moved for an enlargement of time to file a response to the motion. The district court granted Askin's motion but failed to explain to him that he was required to submit responsive evidence to establish a genuine issue of material fact for trial. Askin also was given no instructions regarding the requirements of Rule 56. Askin subsequently filed a response to defendants' summary judgment motion. As defendants noted in their reply, Askin relied on conclusory allegations and failed to identify any material facts for trial or submit any evidence to support his allegations. Thus, the record shows that Askin did not understand the requirements of Rule 56 and the district court did not advise him of the requirements.
 
 
 5
 Accordingly, we vacate the district court's order granting summary judgment and remand for further proceedings consistent with this disposition. See id.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3