24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Brian S. FAILE, Plaintiff-Appellant,
v.
Michael HOPE, et al., Defendants-Appellees.
 No. 92-16328.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Brian S. Faile appeals pro se the district court's summary judgement in favor of police officials in Faile's 42 U.S.C. Sec. 1983 action, alleging that his civil rights were violated when police officials used excessive force in arresting him, illegally searched his home and illegally seized his property. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.[1]
 
 
 3
 Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements for summary judgment under Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988) (per curiam). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. This bright line rule applies to all pro se litigants no matter how legally sophisticated they may appear. Id. A court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, the defendants filed a "motion to dismiss or in the alternative, motion for summary judgment and motion for rule 11 sanctions." In response, Faile filed what appears to be an opposition to a Fed.R.Civ.P. 12(b)(6) motion to dismiss. Faile's opposition does not address the merits of the summary judgment motion nor was Faile's opposition supported by affidavits or other admissible evidence as required by Rule 56(e). The district court granted appellees' motion for summary judgment without advising Faile of the requirements of Rule 56(e). In this case, Faile did not receive fair notice of the requirements of the summary judgment rule. Accordingly, we vacate the district court's grant of summary judgment. On remand, the district court should advise Faile of Rule 56 standards, including Rule 56(f), and give him an opportunity to respond to the motion for summary judgment.[2]
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court dismissed a prior appeal arising out of this district court action for lack of appellate jurisdiction because the district court's order did not clearly decide Faile's illegal search and seizure claim. Faile v. Hope, No. 90-16773, unpublished memorandum disposition at 7 (9th Cir. Jan. 28, 1992). After we dismissed this appeal, the district court attempted to cure the jurisdictional defect by amending its prior order nunc pro tunc to dismiss the illegal search and seizure claim. We note, however, that the district court still has not clearly applied Rule 56 standards to the merits of Faile's fourth amendment illegal search and seizure claim
 
 
 [2]
 Faile attempted to incorporated by reference contentions that were raised in his prior appellate briefs in the opening brief filed in this appeal. The rules governing appeals do not permit incorporation by reference in briefs. See Fed.R.App.P. 28 (proper form for an opening brief); 9th Cir.R. 28 (informal brief). Because we vacate and remand on other grounds, we need not decide whether Faile's arguments which were incorporated by reference were properly before this court