48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Timothy FULFORD, Plaintiff-Appellant,
v.
Robert L. WRIGHT; Officer Jackson, Corrections Officer;
John Does, Corrections Officers, Defendants-Appellees.
 No. 94-35438.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-93-05522-WLD, William L. Dwyer, District Judge, Presiding.
 W.D.Wash.
 VACATED AND REMANDED.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Timothy Fulford appeals pro se the district court's summary judgment in favor of prison officials in Fulford's 42 U.S.C. Sec. 1983 action. Fulford alleged that the defendant prison officials violated federal and Washington state law by failing to protect him from an assault by other inmates. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand for further proceedings.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements of the summary judgment rule, Fed.R.Civ.P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Fed.R.Civ.P. 56(e). Id. at 411.
 
 
 4
 Here, the defendants moved for summary judgment on January 22, 1994. On February 11, 1994, Fulford filed a reply brief. Fulford's reply brief, however, failed to address the defendants' motion for summary judgment. Moreover, Fulford did not submit any responsive evidence to ward off summary judgment. On March 3, 1994, the magistrate judge recommended that the district court grant the defendants' motion for summary judgment. On April 1, 1994, the district court adopted the magistrate judge's report and recommendation and granted the defendants' motion for summary judgment. Because the district court did not give Fulford fair notice of the requirements of the summary judgment rule and did not give Fulford an opportunity to conduct discovery in light of that knowledge, we vacate the district court's judgment and remand for further proceedings. See id. at 411-12. On remand, we direct the district court to inform Fulford accordingly and give Fulford renewed discovery opportunities.
 
 
 5
 Further, we note that since the district court's decision in this case, the Supreme Court decided Farmer v. Brennan, 114 S.Ct. 1970 (1994). Under Farmer, a prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to inmate safety only if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See id. at 1979. On remand, the district court shall consider the evidence under this standard.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3