51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. BELLEK, Petitioner-Appellant,
v.
EASTERN OREGON CORRECTIONAL INSTITUTION, Respondent-Appellee.
 No. 94-35887.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles W. Bellek, an Oregon state prisoner, appeals pro se the district court's summary judgment for prison and Linn County officials in Bellek's 42 U.S.C. Sec. 1983 action. Bellek contends that his Eighth Amendment right to be free from cruel and unusual punishment was violated when the County defendants denied him a necessary hernia operation and that prison officials used harmful force in transporting him to the prison following his operation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.[1]
 
 
 3
 Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements for summary judgment under Rule 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. This bright line rule applies to all pro se litigants no matter how legally sophisticated they may appear. Id. A court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, the prison officials filed a motion for summary judgment supported by affidavits and copies of Bellek's medical records. In response, Bellek filed only a one paragraph opposition, and sought additional time to complete discovery. Although the district court granted him additional time for discovery, the record indicates that defendants did not respond to Bellek's discovery requests, instead informing him in error that the discovery deadline had passed. The district court granted defendants' motion for summary judgment without advising Bellek the requirements of Rule 56(e). Similarly, the district court granted the Linn County defendants' motion for summary judgment before Bellek filed any response.
 
 
 5
 In this case, Bellek did not receive fair notice of the requirements of the summary judgment rule. Accordingly, we vacate the district court's grant of summary judgment. On remand, the district court should advise Bellek of Rule 56 standards and give him an opportunity to respond to the motions for summary judgment after discovery is complete.[2] See id.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Linn County's motion to dismiss Bellek's appeal is denied
 
 
 [2]
 Because we vacate and remand to allow Bellek to oppose the motions for summary judgment, we do not reach the district court's ruling on the merits of Bellek's claims