53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eleazar VILLEGAS, Plaintiff-Appellant,
v.
James GOMEZ, Julio Gomez, J.D. Brady, Sergeant; Bishop,
Correctional Officer; Gold, Correctional Officer; B.
Forsterer, Correctional Officer; S. Bolton, Correctional
Officer; and Guger, Correctional Officer, Defendants-Appellees.
 No. 94-15937.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eleazar Villegas, a California state prisoner, appeals the district court's order denying his "motion for temporary restraining order and/or preliminary injunction" in his 42 U.S.C. Sec. 1983 action alleging that prison officials were deliberately indifferent to his safety in violation of his constitutional rights. Villegas contends that the district court erred by finding that he failed to demonstrate the threat of irreparable harm. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292,[1] and we affirm.
 
 
 3
 We will reverse the district court's denial of a preliminary injunction "only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." Miller v. California Pac. Medical Ctr., 19 F.3d 449, 455 (9th Cir.1994) (en banc). To prevail on a motion for preliminary injunctive relief, a party must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) hardships tipping sharply in [his] favor, and at least a fair chance of success on the merits." Id. at 456 (quoting Senate of Cal. v. Mosbacher, 968 F.2d 974, 977 (9th Cir.1992)). The preliminary injunction test is a sliding scale test, id., but "[u]nder any formulation of the test, the plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 4
 In his motion for a preliminary injunction to restrict prison officials' assignment of cellmates for Villegas, Villegas alleged that defendants were harassing him by housing him with violent inmates who were a threat to his safety or informants attempting "to elicit confidential legal information." Although prison officials have an obligation to protect inmates from attack by other inmates, see Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988), Villegas failed to demonstrate that the threat of physical or other injury to him resulting from any current or future housing decisions made by prison officials is more than speculative. See Goldies' Bookstore, Inc. v. Superior Court of the State of Cal., 739 F.2d 466, 472 (9th Cir.1984) ("Speculative injury does not constitute irreparable injury."). The district court correctly noted that Villegas was housed with a violent inmate more than a year ago, but that there was no evidence that he has been subsequently housed with a violent inmate.
 
 
 5
 Contrary to Villegas' argument, the affidavit of a cellmate, David Orellano, does not demonstrate a significant threat of harm to Villegas. In his affidavit, Orellano states that he does not get along with Villegas and that there has been an "incident" which he does not describe. Villegas also failed to present any evidence that any of his cellmates were informants. Because Villegas failed to demonstrate a significant threat of irreparable injury, the district court did not abuse its discretion by denying Villegas' motion for injunctive relief. See Goldies' Bookstore, Inc., 739 F.2d at 472.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court treated Villegas' motion as being one for both a temporary restraining order and for a preliminary injunction. To the extent that Villegas seeks review of the denial of a preliminary injunction, the order is appealable. See Religious Technology Ctr., Church of Scientology v. Scott, 869 F.2d 1306, 1307 (9th Cir.1989)