60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry B. BALISOK, Plaintiff-Appellant,
v.
John STEINLOSKI; Robert Knight; David Snell; Paula
Henderson, Defendants-Appellees.
 No. 94-35794.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry B. Balisok, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of Washington state prison officials on his claim that the prison officials were deliberately indifferent to his serious medical needs when they failed to treat him after his exposure to pepper spray. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand for further proceedings.
 
 
 3
 Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Fed. R. Civ. P. 56(e). Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).
 
 
 4
 A review of the district court record reveals that the district court failed to give Balisok notice of the requirements of Rule 56. Accordingly, we vacate the district court's judgment as to this claim.[1] See id. On remand, we instruct the district court to inform Balisok accordingly. See id.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Balisok does not appeal the grant of summary judgment for the defendants on his claim that the use of pepper spray was unconstitutional, we express no opinion on this claim