91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Natividad GUAJARDO, Plaintiff-Appellant,
v.
A. KUECKER, C/0; Sgt. Anderson; Glen Johnson, Departmental
Hearing Officer; IDOC, Defendants-Appellees.
 No. 95-35233.
United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Natividad Guajardo, an Idaho state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in his 42 U.S.C. § 1983 civil rights action alleging due process violations in connection with his placement in disciplinary segregation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm in part, vacate in part, and remand.
 
 
 3
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro per litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988); accord Arreola v. Mangaong, 65 F.3d 801, 802 (9th Cir.1995) (per curiam) (observing that Klingele compelled a vacation of the district court's judgment even where the prisoner pro se litigant arguably received notice of the requirements by the moving party's motion).
 
 
 4
 Here, a review of the record reveals that the district court failed to give Guajardo the requisite notice. See Klingele, 849 F.2d at 411-12. Accordingly, we vacate the district court's summary judgment and remand for further proceedings.
 
 
 5
 However, we affirm the district court's denial of Guajardo's motion for leave to amend his complaint to add additional claims after the magistrate filed his report and recommendation in the action. See McGlinchy v. Shell Oil Co., 845 F.2d 802, 809-10 (9th Cir.1988) (finding no abuse of discretion in denial of leave to amend complaint where amendment sought to add new claims that would require additional discovery).
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3