114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael MILLIGAN, Plaintiff-Appellant,
v.
John KITZHABER, Governor, State of Oregon; John Foote,
Acting-Director, Oregon Department of Corrections; S. Frank
Thompson, Superintendent, Oregon State Penitentiary; John
Doe defendants, Defendants-Appellees.
 No. 96-35536.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Milligan, an Oregon state prisoner, appeals pro se the district court's (1) summary judgment for defendant state officials and (2) denial of his request for a court-ordered neurological exam in his 42 U.S.C. § 1983 action alleging violations of his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand the summary judgment and affirm the denial of injunctive relief.
 
 
 3
 Before entering summary judgment, a district court must advise pro se prisoner litigants of the requirements of Fed.R.Civ.P. 56. See Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Here, a review of the record reveals that the district court failed to give Milligan the requisite notice. Accordingly, we vacate the district court's summary judgment and remand with instructions to advise Milligan of the requirements of Fed.R.Civ.P. 56. See id.
 
 
 4
 Milligan moved for a court-ordered, comprehensive neurological exam of himself pursuant to Fed.R.Civ.P. 35, which the district court construed as a motion for preliminary injunctive relief, and denied. We review a district court's denial of preliminary injunctive relief for abuse of discretion. See California v. Mosbacher, 968 F.2d 974, 975 (9th Cir.1992). At the time of the motion, Milligan had named only the State of Oregon as a defendant, which cannot be sued in federal court. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 71 (1989). Therefore, the district court did not abuse its discretion by denying the motion, because Milligan could not demonstrate any chance of success on the merits. See Mosbacher, 968 F.2d at 977-78.
 
 
 5
 Finally, on a previous remand of this action, this court determined that appointment of counsel could be of assistance to Milligan as well as to the court. Accordingly, on remand, we recommend that the district court again seek counsel for Milligan. Each party shall bear their own costs on appeal.
 
 
 6
 DISMISSED in part and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3