Gilbert CARRASCO, Plaintiff—Appellant,

v.

METRO POLICE DEPT.; JAMES FINK, Defendants—Appellees.

No. 99–15429.

D.C. No. CV–97–00657–JBR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided Feb. 20, 2001.

---

Before RYMER, THOMAS, and McKEOWN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Carrasco brought the appeal pro se. Pro bono counsel was appointed, and filed supple-

MEMORANDUM *

Gilbert Carrasco appeals the district court's granting of summary judgment in favor of the Las Vegas Metropolitan Police Department and Officer James Fink (LVMPD) on his civil rights complaint pursuant to 42 U.S.C. § 1983.[1] We have jurisdiction and we affirm in part and reverse in part.

I

Carrasco challenges the sufficiency of the *Klingele* notice that he was sent.[2] However, we need not reach this issue in view of our decision reversing the summary judgment.

II

■ Carrasco contends that he should not be accountable for the lack of response to the Requests for Admissions because he may not have received the Requests and there was inadequate "notice" of the consequences of failing to respond. We disagree. That he might not have received the Requests is sheer speculation; nor does any basis appear for faulting the district court for not giving Carrasco more time to respond. He never asked for it. Further, the Requests for Admissions clearly explains at the beginning that the subject matter of the Request would be deemed admitted unless Carrasco denied or objected as set forth in Rule 36 within thirty days.

■ Beyond this, Carrasco argues that LVMPD's motion for summary judgment gave him no notice that it was relying on

mental briefs. We have carefully reviewed Carrasco's pro se briefs and see no basis for reversal on any of the issues raised.

2. *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir.1988).

Rule 36. Thus, he had no opportunity to seek to withdraw his admissions pursuant to Rule 36(b). In fact, LVMPD's motion did not mention Rule 36, or offer Rule 36 as authority for the court to accept Carrasco's admissions. (Its memorandum of points and authorities does appear to rely on Rule 37, which is inapplicable as Rule 37 pertains to sanctions for violating discovery orders. There were no such orders in this case.) Rather, LVMPD's memorandum of points and authorities simply states that no response was received to Requests for Admissions, and attaches the Requests as an exhibit. While Rule 36 may be self-executing, a memorandum of points and authorities itself has no evidentiary significance. Absent some declaration indicating that the Requests for Admissions had been served but no response had been received, there is no admissible evidence of the facts admitted. Because the summary judgment order was largely based on the facts admitted by Carrasco's failure to respond, it cannot stand.

■ There is another reason why summary judgment on Carrasco's excessive force claim cannot stand. It, too, lacks an evidentiary basis, for LVMPD's memorandum of points and authorities simply *attached* Fink's police reports. There was no declaration by Fink about what he saw and did when Carrasco was arrested. The police reports by themselves are unauthenticated hearsay. This leaves as the only admissible evidence the complaint, which was verified, and Carrasco's opposing papers, which included a statement under penalty of perjury.

Accordingly, the order granting summary judgment must be vacated,[3] except with respect to Carrasco's claim against the LVMPD. He has not appealed the district court's determination that there is no evidence of *Monell* liability.[4] Therefore, judgment in favor of LVMPD is affirmed.

### III

Carrasco also argues that the magistrate judge erred by refusing to accept his pro se "amended complaint" for failure to seek leave to file it. While leave to amend was plainly required under Fed.R.Civ.P. 15(a) because an answer had been filed, lodging the amended complaint could have been treated as a request for leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc). LVMPD offers no argument that the pleading was otherwise deficient, or that it would have been prejudiced if the amended complaint had been filed. There is no indication that this possibility was considered. Because we are vacating the summary judgment, we also vacate the order refusing to file Carrasco's amended complaint and remand with instructions that Carrasco be given an opportunity to amend his complaint.

### IV

LVMPD's request for attorney's fees is denied.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Each party shall pay its own costs on appeal.

---

3. Given this disposition, we do not reach Carrasco's contention that there were triable issues of fact as to the reasonableness of the force used by Fink.

4. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).