**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW RICK LOPEZ, | No. 11-16929 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-01605-KJM-DAD |
| v. | |
| S. COOK, Captain; M. GARATE, Sergeant; R. MCKEAN, C/O; C. ADAMS, Lieutenant; R. JOHNSON; J. HARRISON; P. STATTI; D. SHAVER; A. NERGENAH; N. MCCLURE; VANDERVILLE; J. GILLAM; S. BABBICH; T. BARTOS; JACKSON; D. MORTON, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted April 18, 2013
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff Andrew Lopez alleges that prison officials, in validating him as a gang member and placing him in the Security Housing Unit, violated his due process rights and unconstitutionally retaliated against him for his prison litigation activities. The district court dismissed or granted summary judgment in favor of several defendants, and the remaining causes resulted in a jury verdict in favor of the defendants. We affirm in part, reverse in part, and remand.

The district court did not give timely notice to Lopez as required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), after the defendants filed their motion for summary judgment. *See Woods v. Carey*, 684 F.3d 934, 940–41 (9th Cir. 2012). It is clear from the record, however, that there are no facts that would have permitted Lopez to prevail against additional parties on the motion for summary judgment, because he submitted several declarations on his motion for summary judgment, and the district court considered this material in ruling on the defendants' summary judgment motion. There was therefore no reversible error in granting summary judgment in favor of those defendants. *See id.* at 941.

At trial, the district court allowed a witness called by Lopez to refuse to testify upon invoking Fifth Amendment privilege that was not grounded upon any possible criminal prosecution, but on a fear of possible prison administrative consequences. This was error because the Fifth Amendment confers a privilege

against self-incrimination only when there is a reasonable basis to believe the "information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal proceeding." *U.S. v. Balsys*, 524 U.S. 666, 672 (1998). Based on Lopez's proffered questions for the witness, that assertion was untenable here. This error was prejudicial since it deprived Lopez of evidence bearing on the critical issue of the intent of a prison official, defendant Bartos. *See Obrey v. Johnson*, 400 F.3d 691, 701–02 (9th Cir. 2005).

Lopez's motion for judgment as a matter of law was properly denied since the identity of the critical decision-maker was a disputed question of fact. The district court correctly instructed the jury that determining the identity of the critical decision-maker is a question of fact, but erred in rejecting Lopez's proffered instruction that notice and an opportunity to be heard must be provided before prison officials complete the validation process given the non-emergency circumstances of this case. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982).

The district court erred in its pretrial dismissal of Lopez's due process claim against Special Services Unit Officer Harrison, thereby effectively dismissing him from the case and allowing the defendants to argue to the jury that Harrison, rather

than any of the defendants who remained in the case, was the critical decision-maker.

The judgment in favor of defendants Babich, Cook, Garate, Gilliam, Holmes, James, Martinez, McClure, Shaver, and Vanderville entered on the basis of the jury verdict on plaintiff's due process claim is reversed and the claims are remanded. The judgment entered before trial in favor of defendant Harrison on plaintiff's due process claim is reversed and the claim against him remanded. The judgment in favor of defendant Bartos on plaintiff's retaliation claim is also reversed and remanded. The judgment of the district court is otherwise affirmed.

Defendants' motion for judicial notice on appeal is GRANTED.

Each party shall bear its own costs.

**AFFIRMED** in part; **REVERSED** and **REMANDED** in part.

*Lopez v. Cook*, No. 11-16929 (SF 4/18/13)

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I concur entirely in the majority disposition, with one exception:  the harmlessness of the *Rand* error.  As I have previously stated, I am not particularly enthused about the *Rand*/*Klingele* rule.  *Rand v. Rowland*, 154 F.3d 952, 964 (9th Cir. 1998) (en banc) (Thomas, J., concurring); *see also Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988).  Although I believe providing a *Rand*-type notice is laudable as a best practice, I believe that, in practice, application of the *Rand* rule has become overly technical and overly rigid.  Nonetheless, it is a rule that binds us, and it is quite restrictive as to the use of harmless error.

The harmless error rule articulated in *Rand* was confined to "exceptional" cases,  *id.* at 962, and not "where the harmfulness could not be fully assessed on the record," *id.* at 961.  The *Rand* harmless error inquiry is focused not on the merits of the motion, but on whether "[t]he record, objectively viewed, shows that [the plaintiff] knew and understood the information in the *Rand* notice before he received it." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013).  Placing the burden on the plaintiff to show what he would have placed in the record had he been given proper notice, and then assessing that material on the merits, is at odds with the type of harmless error analysis required by *Rand*.

Prior to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), I might have held the

*Rand* error in this case harmless based on the prior *Rand* notifications to the plaintiff in other cases. However, *Woods* holds that *Rand* notices must be given concurrently with motions for summary judgment, and that notices provided more than a year prior do not provide fair notice. *Id.* at 935-36.

Thus, although I am sympathetic with a relaxation of the *Rand* harmless error restrictions, I do not believe that the majority's analysis can be reconciled with *Rand*. Therefore, I must respectfully dissent in part.