THOMAS, Circuit Judge,
concurring in part and dissenting in part:
I concur entirely in the majority disposition, with one exception: the harmlessness of the Rand error. As I have previously stated, I am not particularly enthused about the Rand/Klingele rule. Rand v. Rowland, 154 F.3d 952, 964 (9th Cir.1998) (en banc) (Thomas, J., concurring); see also Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988). Although I believe providing a Rand-type notice is laudable as a best practice, I believe that, in practice, application of the Rand rule has become overly technical and overly rigid. Nonetheless, it is a rule that binds us, and it is quite restrictive as to the use of harmless error.
The harmless error rule articulated in Rand was confined to “exceptional” cases, id. at 962, and not “where the harmfulness could not be fully assessed on the record,” id. at 961. The Rand harmless error inquiry is focused not on the merits of the motion, but on whether “[t]he record, objectively viewed, shows that [the plaintiff] knew and understood the information in the Rand notice before he received it.” Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir.2013). Placing the burden on the plaintiff to show what he would have placed in the record had he been given proper notice, and then assessing that material on the merits, is at odds with the type of harmless error analysis required by Rand.
Prior to Woods v. Carey, 684 F.3d 934 (9th Cir.2012), I might have held the Rand error in this case harmless based on the prior Rand notifications to the plaintiff in other cases. However, Woods holds that Rand notices must be given concurrently with motions for summary judgment, and that notices provided more than a year prior do not provide fair notice. Id. at 935-36.
Thus, although I am sympathetic with a relaxation of the Rand harmless error restrictions, I do not believe that the majority’s analysis can be reconciled with Rand. Therefore, I must respectfully dissent in part.