**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE MICHAEL COX, AKA Michael Steve Cox, | No. 13-16257 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00103-APG-NJK |
| v. | |
| DWIGHT NEVEN, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 13, 2014[**]

Before:      SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Michael Steve Cox, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations concerning his conditions of confinement.  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review for abuse of discretion decisions concerning discovery, *Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008), and we affirm.

The district court did not abuse its discretion by denying Cox's discovery motions because Cox failed to show any basis for the discovery or show how the discovery he sought would have precluded summary judgment. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (noting the district court's broad discretion in discovery matters and discussing "substantial prejudice" requirement for reversal); *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("The burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment.").

Because Cox does not challenge summary judgment, Cox's contentions regarding his motions for temporary restraining orders are moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot).

Cox's request to correct his opening brief, filed on August 28, 2013, is granted.

Appellees' request for sanctions, set forth in their answering brief, is denied.

Appellees' motion to take judicial notice, filed on November 22, 2013, is denied.

**AFFIRMED.**