**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EFREN VALENCIA, | No. 14-17168 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01348-LJO-SAB |
| v. | |
| DEAZEVEDO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Efren Valencia, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with his conditions of confinement. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a district court's grant of summary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment for failure to exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Valencia's claims regarding his living conditions because Valencia failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 822-24, 826-27 (9th Cir. 2010) (describing limited circumstances under which administrative remedies might be effectively unavailable or otherwise excused).

The district court did not abuse its discretion by granting summary judgment without allowing Valencia to conduct discovery because Valencia failed to show what material facts would have been discovered that would have precluded summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412-13 (9th Cir. 1988) (setting forth standard of review and recognizing that "[t]he burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment").

14-17168

Valencia's motion for appointment of counsel, filed on April 20, 2015, is denied.

**AFFIRMED.**