60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Olusesan J. ADESANYA, Plaintiff-Appellant,
v.
B. S. GUNN; Mangoang, Dr.; C. O. McEwen; D'Arcy, Sgt.,
Defendants-Appellees.
 No. 94-56502.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Olusesan J. Adesanya, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Adesanya's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his serious medical needs, excessive force, denial of due process, and wrongful denial of his request to transfer to a typing course. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291,[1] and we vacate and remand.
 
 
 3
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro se litigants of [Fed. R. Civ. P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. A court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, defendants filed a motion for summary judgment supported by medical records, test scores, prison policy, and affidavits of two defendants. Adesanya failed to file an opposition to defendants' motion. A review of the record reveals that the district court failed to advise Adesanya that, under Fed. R. Civ. P. 56(e), he had to submit responsive evidence to survive defendants' motion for summary judgment. Because Adesanya did not receive fair notice of the requirements of Rule 56, we vacate the district court's grant of summary judgment. On remand, the district court should advise Adesanya of the Rule 56 requirements and give him an opportunity to respond to defendants' summary judgment motion. See id. at 411-12.
 
 VACATED and REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Adesanya's request for an extension of time to file a statement setting forth reasons for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Adesanya's motion to vacate judgment was served timely pursuant to Fed. R. App. P. 4(a)(4)(F) and tolled the time limit for a notice of appeal. Accordingly, Adesanya appeals the district court's summary judgment order
 
 
 [2]
 Adesanya's motion, dated 4/4/95, for permission to resubmit a retyped reply brief is denied