60 F.3d 836
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 George WILLIAMS, Jr., Petitioner-Appellant,
v.
B. FAECHER, M.D.; Myers, M.D., Respondents-Appellees.
 No. 94-56244.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Williams, Jr., a California state prisoner, appeals pro se the district summary judgment for defendant prison doctors in his 42 U.S.C. Sec. 1983 action alleging that defendants were deliberately indifferent to his serious medical need for knee surgery. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 Before entering summary judgment, district courts are obligated to advise pro se prisoner litigants of the requirements for summary judgment under Fed. R. Civ. P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. Id. at 411. This bright line rule applies to all pro se litigants no matter how legally sophisticated they may appear. Id. A court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Id.
 
 
 4
 Here, the defendants filed a motion for summary judgment supported by affidavits and copies of Williams's medical records. In response, Williams filed a two-page, unsupported "objection" in which he stated that summary judgment for the defendants was inappropriate because the court did not "have all the evidence" and because the defendants had failed to respond to his deposition questions. After the magistrate judge issued his findings and recommendations, Johnson requested a thirty-day extension to file a supplemental opposition, explaining that he had never intended for his "objection" to be treated as his formal opposition to defendants summary judgment motion. This request was denied. The district court adopted the magistrate's report and recommendation and granted defendants' motion for summary judgment without advising Johnson of the requirements of Rule 56(e).
 
 
 5
 In this case, Johnson did not receive fair notice of the requirements of the summary judgment rule. Accordingly, we vacate the district court's grant of summary judgment. On remand, the district court should advise Johnson of Rule 56 standards and give him an opportunity to respond to the defendants' summary judgment motion.[2] See id.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [2]
 Because we vacate and remand to allow Johnson to oppose the summary judgment motion, we do not reach the district court's ruling on the merits of Johnson's claims