68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel SONG, Plaintiff-Appellant,
v.
John IGNACIO; Craig Farwell; Carol E. Ployhar; Baker,
Correctional Officer; Clyde Aguirre; John & Jane
Does I-XX, Defendants-Appellees.
 No. 95-15579.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Song, a Nevada state prisoner, appeals pro se the district court's summary judgment for prison officials in his 42 U.S.C. Sec. 1983 action. Specifically, Song contends that he was denied access to the courts, that an "English only" rule for communications with legal counsel violated his constitutional rights, and that he was denied procedural due process, with respect to another disciplinary infraction, as guaranteed by the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 In his notice of appeal, Song states that he is appealing from the final judgment entered on March 8, 1995. Defendants contend that the specificity of the notice of appeal deprives this court of jurisdiction over any earlier orders of the district court. Because the appeal of a final judgment calls into question previous non-final orders, defendants' contention lacks merit. See Interstate Prod. Credit Ass'n v. Fireman's Fund Ins. Co., 944 F.2d 536, 538 & n.1 (9th Cir. 1991); see also Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1423 (9th Cir. 1989, cert. denied, 496 U.S. 937 (1990). Accordingly, we conclude that we have jurisdiction over all the summary judgment orders entered by the district court. See Interstate Prod. Credit Ass'n, 944 F.2d at 538 n.1; Kruso, 872 F.2d at 1423.
 
 
 4
 We review the district court's grant of summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). "District courts are obligated to advise prisoner pro se litigants of [Fed. R. Civ. P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). A review of the district court record reveals that the district court never advised Song that, under Fed. R. Civ. P. 56(e), he had to submit responsive evidence to survive defendants' motion for summary judgment. Accordingly, we vacate the district court's summary judgment and remand with instructions to the district court to advise Song of the requirements of Rule 56. See id.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3