85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Donald WOMACK, Plaintiff-Appellant,
v.
Clarence W. DUPNIK; Ray Ford; Pima County, Defendants-Appellees.
 No. 96-15051.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner John Donald Womack appeals pro se the district court's summary judgment in favor of Pima County, Pima County Sheriff Clarence Dupnik, and Pima County Detective Ray Ford, in Womack's 42 U.S.C. § 1983 action alleging that the defendants violated his constitutional rights by impounding his bus in connection with his arrest and refusing to return the bus and items inside of it. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand so that the district court can advise Womack of Fed.R.Civ.P. 56 requirements in order to effectively respond to defendants' motion for summary judgment.
 
 
 3
 We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 Before entering summary judgment, district court must provide pro se prisoner litigants with fair notice of the requirements for responding to a motion for summary judgment under Fed.R.Civ.P. 56. Arreola v. Mangaong, 65 F.3d 801, 802 (1995); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Rule 56(e). Klingele, 849 F.2d at 411. Courts cannot avoid giving the required advice based on determination that a prisoner has the requisite sophistication in legal matters. Id. Moreover, it is error for the district court to simply rely on the fact that a pro se prisoner litigant had the time and ability to figure out what he should do to comply with Rule 56 requirements. Id.
 
 
 5
 On December 7, 1994, defendants filed a Motion for Summary Judgment. The district court did not advise Womack, who was appearing pro se, that he must submit responsive evidence to ward off summary judgment under Rule 56(e). On January 24, 1995, Womack filed a document styled "Plaintiff's Response," requesting that the district court deny defendants' motion. On December 14, 1995, the district court granted appellees' motion for summary judgment without comment.
 
 
 6
 Accordingly, we vacate the district court's grant of summary judgment and remand to the district court. See Arreola, 65 F.3d at 802; Klingele, 849 F.2d at 411-12.
 
 VACATED AND REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Womack's motion for extension of time to file a reply brief is denied as moot