95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee VAUGHN, Jr., Plaintiff-Appellant,
v.
Dr. THOR; Dr. Acker; Dr. Desai; Dr. Augusto Sychukok;
William N. Sandri, Dr.; Yazdgerdi, Dr.,
Defendants-Appellees.
 No. 95-16886.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided Aug. 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Lee Vaughn, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We vacate and remand.
 
 
 3
 Before entering summary judgment, "[d]istrict courts are obligated to advise prisoner pro se litigants of [Fed.R.Civ.P.] 56 requirements." Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court must advise a pro se prisoner that he or she must submit responsive evidence in opposition to a summary judgment motion. See id. at 411; accord Arreola v. Mangaong, 65 F.3d 801, 802 (9th Cir.1995) (per curiam).
 
 
 4
 Here, a review of the record reveals that the district court failed to advise Vaughn that, under Fed.R.Civ.P. 56(e), he had to submit responsive evidence to survive the defendant's motion for summary judgment. Because the district court is obligated to provide the requisite advice, the defendants' recitation of the Rule 56 requirements in their motion for summary judgment is insufficient. See Arreola, 65 F.3d at 802. Similarly, the district court's judicial notice of the fact that it had provided Vaughn with the Rule 56 requirements in a prior case is insufficient. See Klingele, 849 F.2d at 411-12 (holding that a court may not avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters).[1]
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vaughn's motion for sanctions and his objections to the Ninth Circuit Rule 31-2.2(a) extension of time are denied