132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William S. CUMMINGS, Plaintiff-Appellant,
v.
Samuel A. LEWIS; Samuel Sublett; Glen Parin; Howard
Kinsler, Defendants-Appellees.
 No. 97-15343.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 Appeal from the United States District Court for the District of Arizona William D. Browning, District Judge, Presiding
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William S. Cummings, a former Arizona state prisoner, appeals pro se the district court's summary judgment for prison officials in his 42 U.S.C. § 1983 action alleging due process was violated when a lower level official, rather than the Director of Prisons, determined Cummings was ineligible for early release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we may affirm on any ground supported by the record, see United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 4
 The Fourteenth Amendment guarantees due process where a constitutionally-protected interest is at stake. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). A protected liberty interest arises when prison officials' conduct alters an inmate's term of imprisonment or imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995).
 
 
 5
 Under Arizona state law, certain prisoners "may be temporarily released, according to the rules of the department, at the discretion of the director," 180 days prior to expiration of their terms of imprisonment. Ariz.Rev.Stat. § 41-1604.11(K) (1993). Pursuant to Arizona state prison policy, prisoners sentenced under Ariz.Rev.Stat. § 13-1410 are eligible to apply for discretionary release if certain conditions are met. See Ariz. Dep't of Corrections, Internal Management Policy 303.12 (1990) ("Prison Policy 303.12").[1]
 
 
 6
 Here, Cummings was convicted of multiple counts under Ariz.Rev.Stat. § 13-1405 (1993) (sexual conduct with a minor) and Ariz.Rev.Stat. § 13-1410 (1993) (child molestation), receiving his longest sentence under § 13-1405. Because prisoners sentenced under § 13-1405 are not eligible for discretionary release pursuant to Prison Policy 303.12, Cummings had no protected liberty interest in having the state Director of Prisons, rather than a local prison official, deny his application for release.
 
 
 7
 Accordingly, the district court properly granted summary judgment for prison officials. See Barnett, 31 F.3d at 815.[2]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Cummings concedes that he cannot prevail if Prison Policy 303.11 applies to the instant controversy, as prison officials contend. Because Cummings cannot prevail even under Prison Policy 303.12, however, we assume without deciding that 303.12 applies
 
 
 [2]
 Cummings' contention that he was not advised of the requirements for opposing summary judgment is without merit. See Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The district court advised Cummings that if he did not present documentary support for his factual assertions in opposition to summary judgment, his case may be dismissed. See id