145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean M. RIECK, Plaintiff-Appellant,
v.
Robert G. BORG, Warden at Folsom State Prison, Defendant-Appellee.
 No. 97-16148.
DC No. CV-91-01429-WBS.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1998.**
Decided May 6, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, William B. Shubb, District Judge, Presiding.
 Before CHOY, SNEED, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dean M. Rieck, a California state prisoner, appeals pro se the district court's judgment for defendant Robert Borg in Rieck's 42 U.S.C. § 1983 action alleging a violation of the Interstate Corrections Compact ("ICC"). Rieck contends that the district court erred by: (1) denying his request to conduct additional discovery; (2) denying him the right to submit a meaningful opposition to Borg's summary judgment motion; (3) denying his motions to recuse the district court judge and magistrate judge.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Rieck contends that the district court erred by denying his request to reopen discovery after the discovery deadline had expired. We disagree.
 
 
 4
 We review for abuse of discretion the district court's decision not to permit further discovery. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920-21 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997). We will not find an abuse of discretion if the movant failed to diligently pursue discovery in the past. See id. at 921.
 
 
 5
 We conclude that Rieck was not diligent in his pursuit of discovery before the designated cut-off date. The record indicates that, following our remand of this action on April 4, 1995 (Rieck v. Borg, No. 94-15645), the district court permitted both parties additional time to conduct discovery. On November 29, 1995, the district court set a discovery deadline of March 1, 1996. The scheduling order specifically indicated that all motions necessary to compel discovery had to be filed by March 1, 1996. Borg responded to Rieck's Request for Admissions and Request for Production of Documents on February 16, 1996. Rieck acknowledges that he received Borg's responses on February 19, 1996. This was more than one week before the March 1st discovery deadline. Although Rieck contends that he was dissatisfied with the timeliness and substance of Borg's responses, he did not object to the responses or move to compel responses prior to the March 1st discovery deadline. Moreover, Rieck unilaterally postponed Borg's February 27, 1996 deposition "until further notice." In his notice of postponement, Rieck made no mention of Borg's alleged untimeliness or inadequacy of responses as being the reason for postponement. On March 1, 1996, discovery in this action closed.
 
 
 6
 Borg moved for summary judgment on April 26, 1996. Rieck responded by moving for a 90-day continuance in order to conduct additional discovery. Rieck's motion indicated that "due to a lack of discovery ... he [could] not present by affidavit facts essential to justify opposition to Defendant's motion for summary judgment." The district court denied Rieck's motion. Under these facts, we conclude that Rieck failed to diligently pursue discovery before the cut-off date. Thus, the district court did not abuse its discretion by refusing to reopen discovery. See Nidds, 113 F.3d at 921.
 
 
 7
 Rieck additionally contends that the district court erred by granting Borg's summary judgment motion because, in Rieck's view, the district court effectively denied him the right to submit a meaningful opposition. We disagree.
 
 
 8
 Rieck's contention rests largely on his meritless contention that the district court improperly refused to reopen discovery. In addition, Rieck contends that the district court failed to provide him with adequate notice of the requirements necessary to defeat summary judgment as required by Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The record, however, indicates that the district court gave Rieck three separate Klingele notices during the pendency of this action. Moreover, the district court granted Rieck several extensions of time in which to file material in opposition to summary judgment.[2] Clearly, Rieck was not denied an opportunity to be heard. Accordingly, the district court did not abuse its discretion by granting summary judgment without providing Rieck additional time to conduct discovery.[3]
 
 
 9
 Finally, Rieck contends that the district court erred by denying his motions to recuse the district court and magistrate judges because, in Rieck's view, the judges were clearly biased against him. Rieck's motions were based solely on the fact that this court had reversed the judges' earlier ruling. Rieck made no showing of unequivocal antagonism or reliance on extrajudicial sources. We therefore conclude that the district court did not abuse its discretion by denying Rieck's motions. See Litekey v. United States, 510 U.S. 540, 555-56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (holding that judicial rulings are not a valid basis for a bias motion unless there is a showing of unequivocal antagonism or reliance on extrajudicial sources).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a). Additionally, the panel denies Rieck's motion for reconsideration of our previous order granting Borg's motion for an extension of time to file his opening brief
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rieck's opening and reply briefs indicate that he does not seek review of the district court's legal conclusion that the ICC fails to provide Rieck with a cause of action under 42 U.S.C. § 1983. Thus, we need not address the issue for purposes of this appeal
 
 
 [2]
 Rieck's argument that he never received the second Klingele notice is beside the point. The magistrate judge gave Rieck additional opportunity to file materials in opposition to summary judgment after expiration of the extension granted in the second Klingele notice and after Rieck had received his third Klingele notice
 
 
 [3]
 We additionally reject Rieck's contention that the magistrate judge "acted as an advocate for the defendant" by raising issues "sua sponte" at summary judgment