**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANTE LOVE,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>EILYA MODHADDAM,<br><br>        Defendant - Appellee. | No. 11-15229<br><br>D.C. No. 2:09-cv-01086-WBS-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted April 20, 2012
San Francisco, California

Before: NOONAN and MURGUIA, Circuit Judges, and TIMLIN, Senior District
Judge.[**]

      Plaintiff-Appellant Dante Love ("Appellant" or "Love") appeals the district

court's denial of his request for additional discovery pursuant to Fed. R. Civ. P.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

56(f) (the predecessor to current Fed. R. Civ. P. 56(d)) and the attendant adverse grant of summary judgment on his 42 U.S.C. § 1983 action alleging that Defendant-Appellee Dr. Eilya Modhaddam ("Appellee" or "Modhaddam"), a prison physician at California State Prison Sacramento, acted with deliberate indifference to Love's serious medical needs. In particular, Love argues on appeal that he needed a copy of the transcript of his own deposition in order to present critical facts to oppose Modhaddam's motion for summary judgment, and the district court's failure to provide him with a copy of the deposition transcript pursuant to Fed. R. Civ. P. 56(f) warrants a reversal of the summary judgment granted in Modhaddam's favor. We have jurisdiction under 28 U.S.C. § 1291 and review for an abuse of discretion a district court's decision denying discovery under former Fed. R. Civ. P. 56(f). *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

Love could have provided the district court with an affidavit or declaration attesting to his personal belief that he never suffered a heart attack prior to his February 7, 2008 treatment by Modhaddam. *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001). Therefore, Love has failed to show that he needed a copy of the transcript of his own deposition in order to create a genuine issue of this fact that he asserts on appeal was essential to justify his opposition to

2

Modhaddam's summary judgment motion. As a result, the district court did not abuse its discretion by denying Love's discovery request because the requested discovery was "'fruitless' with respect to the proof of a viable claim." *Jones*, 393 F.3d at 930-31 (where Fed. R. Civ. P. 56(f) motion covers "evidence relating entirely to facts within [detained pro se litigant's] own control," then additional discovery would not have made a difference as to detainee's ability to present relevant evidence, making such discovery fruitless.).

In addition, Love has failed to show that his personal belief that he had never suffered a heart attack prior to February 7, 2008, creates a genuine issue of material fact as to whether Modhaddam was deliberately indifferent to Love's serious medical needs in violation of the Eighth Amendment, also making his request for the transcript of his deposition fruitless under *Jones*. *See also Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("If further discovery could not elicit evidence that would raise genuine issues of material fact, summary judgment would be appropriate.").

**AFFIRMED.**