FILED

JUL 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD ANTHONY JENKINS, | No. 11-35084 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00900-BR |
| v. | |
| GRAVES, Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted, June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Oregon state prison Richard Anthony Jenkins appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process and

Eighth Amendment violations arising out of his placement in segregation pending

a disciplinary hearing.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo, *Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment as to Jenkins's due process claim because Jenkins failed to raise a genuine dispute of material fact as to whether his week-long placement in segregation resulted in any deprivations or changes in the conditions of confinement constituting an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" that would give rise to a protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Resnick v. Hayes*, 213 F.3d 443, 447, 449 (9th Cir. 2000) (where there is no protected liberty interest, there is no due process claim, substantive or procedural).

The district court properly granted summary judgment as to Jenkins's Eighth Amendment claims because Jenkins failed to raise a genuine dispute of material fact as to whether his stay in segregation resulted in any physical harm or posed a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to establish violation of Eighth Amendment's guarantee against cruel and unusual punishment, plaintiff must show that conditions of confinement posed a substantial risk of serious harm); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (conditions must amount to a denial of "the minimal civilized measure of life's necessities").

The district court did not abuse its discretion by staying discovery because Jenkins failed to show that discovery would have yielded facts that would have precluded summary judgment. *See Little v. City of Seattle*, 683 F.2d 681, 685 (9th Cir. 1988) (the district court did not abuse its discretion by staying discovery when the discovery could not have affected summary judgment); *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("The burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment.").

Jenkins's remaining contentions are unpersuasive.

Jenkins's motion of objection to extension of time, filed on May 16, 2011, is denied as moot.

**AFFIRMED.**