**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS LAMAR JAMES, Jr.,

               Plaintiff - Appellant,

   v.

J. PUGA; et al.,

               Defendants - Appellees.

No. 12-16371

D.C. No. 3:10-cv-04009-SI

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted October 6, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

    Dennis Lamar James, Jr. appeals the district court's order granting summary

judgment to all defendants on James's excessive force claims and his Fourth

Amendment claims brought under 42 U.S.C. § 1983.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

James argues that the district court did not comply with the requirements of *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). Under *Rand*, the district court bears an "obligat[ion] to advise prisoner pro per litigants of Rule 56 requirements." *Rand*, 154 F.3d at 956 (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 411-412 (9th Cir. 1988)). Here, the district court mailed a *Rand* notice, but it was returned from the prison as undeliverable. No new notice was sent even though James had promptly provided notice of change of address.

However, *Rand* does not apply to this case because the record indicates that by the time the defendants filed their summary judgment motions, James was no longer incarcerated. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (holding that notice of Rule 56 requirement is not required for non-incarcerated pro se litigants). Therefore, there was no *Rand* error.

II

The decision to appoint counsel for pro se litigants under 28 U.S.C. § 1915(e)(1) "is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation and internal quotation marks omitted). When determining whether exceptional circumstances are present, a court must consider "the

likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

The district court did not abuse its discretion in concluding that James had not shown he was faced with exceptional circumstances. James did not allege any facts in his requests for counsel supporting his likelihood to succeed on the merits, and the case did not present complex factual or legal theories.

III

We decline to reach the remainder of the arguments made by James because they were raised for the first time on appeal. *Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004). Accordingly, we affirm the grant of summary judgment.[1]


**AFFIRMED.**

---

[1] Plaintiff-Appellant's Motion to Take Judicial Notice is granted.