FILED

NOT FOR PUBLICATION

AUG 17 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



MUSTAFA WRIGHT,

        Plaintiff - Appellant,

  v.

N. GRANNIS, Chief of Appeals for
CDCR; SILVA H. GARCIA, Chief
Deputy Warden; E. A. CONTRERAS,
Associate Warden; OFFICE OF WATCH
COMMANDER; E. MARRERO, Captain;
CHIEF MEDICAL OFFICER; OFFICE
OF REGISTERED NURSES; P. A.
CORTEZ, Correctional Counselor II;
ABAD, Correctional Counselor I; D.
SMITH, Correctional Officer,

        Defendants - Appellees.

No.  14-56643

D.C. No.  3:09-cv-02566-JLS-MDD

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 15, 2016[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS, and McKEOWN, Circuit Judges.

Mustafa Wright, a state prisoner proceeding pro se, appeals a district court order granting summary judgment in favor of the defendants. Wright brought suit under 42 U.S.C. § 1983 alleging that five prison officials violated his Eighth and Fourteenth Amendment rights by acting with deliberate indifference to a known risk to Wright's safety. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wright claims that he was denied proper notice regarding the legal consequences of a motion for summary judgment. Wright's claim that he was entitled to notice from the court, *not* the moving party, is explicitly foreclosed by an en banc opinion of this court, which concluded that: "*Klingele*'s requirement that '[d]istrict courts are obligated to advise prisoner pro per litigants of Rule 56 requirements,' may be met by the summary judgment movant providing the prisoner with notice." *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988)).

Wright also argues that the district court abused its discretion in refusing to extend the discovery period before ruling on the summary judgment motion. After allowing Wright to seek discovery several times, the magistrate judge found that the defendants and third parties had responded to the subpoenas. Wright did not

present any substantiated reason why further discovery was necessary, and the district court did not abuse its discretion in moving forward with the case. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002) ("The district court's decision not to allow further discovery pursuant to Rule 56(f) [now Rule 56(d)] is reviewed for an abuse of discretion.").

Finally, Wright claims the district court erred in granting summary judgment on his Eighth Amendment claims. Wright alleges that the prison officials' decision to place him with a cellmate whom Wright alleges was sexually violent constituted "'deliberate indifference' to a substantial risk of serious harm" in violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Even taking the evidence in the light most favorable to Wright as the non-moving party, a reasonable jury could not find that his cellmate actually harmed him or otherwise posed an objectively substantial risk of serious harm to him. Accordingly, the district court did not err in granting summary judgment for defendants. *See id.* at 834 ("For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,'

3

that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Wright's July 15, 2016 motion for judicial notice is denied as moot.

**AFFIRMED.**