NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN KEAKAKU AMINA, husband; DONNA MAE AMINA, wife,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>BANK OF NEW YORK MELLON CORP., FKA The Bank of New York; U.S. BANK N.A., as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2,<br><br>Defendants-Appellees. | No. 15-15032<br><br>D.C. No. 1:11-cv-00714-JMS-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Melvin Keakaku Amina and Donna Mae Amina appeal pro se from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in their diversity action seeking to quiet title. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on the Aminas' claim to quiet title because the Aminas failed to raise a genuine dispute of material fact regarding whether they held superior title to defendants on the subject property. *See Ka'Upulehu Land LLC v. Heirs & Assigns of Pahukula*, 358 P.3d 692, 706 (Haw. 2015) ("In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute, and, absent such proof, it is unnecessary for the defendant to make any showing . . . . The plaintiff has the burden to prove either that he has paper title to the property or that he holds title by adverse possession . . . [and] must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants" (citations omitted)); *see also U.S. Bank Nat'l Ass'n v. Salvacion*, 338 P.3d 1185, 1190-91 (Haw. Ct. App. 2014) (concluding that an enforceable interest was established by documents showing a direct chain of title and recognizing that "[t]ypically, borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the agreement and because noncompliance with a trust's governing document is irrelevant to the assignee's standing to foreclose").

Contrary to the Aminas' contentions, the district court did not abuse its discretion in deciding evidentiary issues or contested discovery motions. *See Wicker v. Or. ex rel. Bureau of Labor*, 543 F.3d 1168, 1173 (9th Cir. 2008) (standard of review for rulings on admissible evidence); *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) (standard of review for rulings on discovery motions).

The district court did not abuse its discretion in granting defendants' motion for withdrawal and substitution of counsel. *See United States v. Yepiz*, 844 F.3d 1070, 1078 (9th Cir. 2016) (standard of review).

We reject as without merit the Aminas's contentions regarding the district court's dismissal of their original complaint with leave to amend and its management of its docket.

**AFFIRMED.**