**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD HERRICK,

                Plaintiff-Appellant,

v.

MARK STRONG; et al.,

                Defendants-Appellees.

No.   16-35820

D.C. No. 3:15-cv-05779-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 7, 2018
Seattle, Washington

Before: THOMAS, Chief Judge, and McKEOWN and CHRISTEN, Circuit
Judges.

     Donald Herrick, a civil detainee housed at a Special Commitment Center

("SCC") pending civil commitment adjudication under Washington's Sexually

Violent Predator Act, Wash. Rev. Code § 71.09.40, appeals the district court's

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

grant of summary judgment in favor of Defendants on his 42 U.S.C. § 1983 and state law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We review *de novo* a district court's grant of summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and for abuse of discretion a district court's order staying discovery. *Lazar v. Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017). Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court properly applied *Turner v. Safley*, 482 U.S. 78 (1987) to Herrick's claims regarding personal mail because these claims, like the mail claims at issue in *Turner*, are grounded in the First Amendment. Contrary to Herrick's assertion, *Youngberg v. Romeo*, 457 U.S. 307 (1982), which involved a substantive due process challenge, is inapposite. Where an Amendment "provides an explicit textual source of constitutional protection against [a particular sort of government behavior], that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

The district court appropriately emphasized Herrick's status as a detainee under civil process, rather than criminal, when evaluating all of his claims, noting

that any restriction on Herrick's rights could not be punitive. *See Jones*, 393 F.3d at 932 ("[A]n individual detained under civil process—like an individual accused but not convicted of a crime—cannot be subjected to conditions that 'amount to punishment.'"). The district court's application of *Turner* to Herrick's claims regarding personal mail is consistent with our precedent analyzing the constitutional claims of pretrial detainees. *See, e.g.*, *Mangiaracina v. Penzone*, 849 F.3d 1191, 1197 (9th Cir. 2017) (applying *Turner* to First Amendment challenge of mail policy brought by pretrial detainees); *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1209-13 (9th Cir. 2008) (applying *Turner* to First Amendment challenge brought by pretrial detainees).

Herrick's reliance on *Houghton v. South*, 965 F.2d 1532 (9th Cir. 1992) is similarly misplaced. *Houghton* held that a director of state institutions failed to meet his burden on qualified immunity because he did not provide evidence of his professional qualifications or any basis for his treatment-related decision. *Id.* at 1537. This was a straightforward application of *Youngberg*, which established the burden that "[l]ong-term treatment decisions normally should be made by persons with degrees in medicine or nursing, or with appropriate training in areas such as psychology." *Id.* at 1537 (citing *Youngberg*, 457 U.S. at 323 n.30). However, *Youngberg* expressly acknowledged that "day-to-day decisions" made by

3

employees, like SCC mail room staff, are not subject to these same standards. 457 U.S. at 323 n.30. The *Houghton* rationale does not apply to the day-to-day sorting and delivery decisions made by SCC staff members working in the mail room.

In sum, the district court properly analyzed and applied the *Turner* factors in granting summary judgment on Herrick's First Amendment claims regarding alleged interference with mail.

## II

The Magistrate Judge's decision to grant Defendants' motion to stay was not an abuse of discretion. Although summary judgment generally should not be granted before the completion of discovery, *see e.g., Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988), a stay of discovery was appropriate here because qualified immunity's determinative impact constitutes more than just a defense to liability—it is immunity from suit altogether. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (Qualified immunity is "an immunity from suit rather than a mere defense to liability." (internal quotation marks omitted)).

Additionally, "[a] district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Laub v. U.S. Dep't of Interior*,

4

342 F.3d 1080, 1093 (9th Cir. 2003). Herrick fails to establish that he suffered any prejudice because of the discovery stay especially considering the district court gave him the option to ask for additional discovery if he needed it, but he never took advantage of that opportunity.

## III

The district court properly granted summary judgment on the remainder of Herrick's multiple claims for the reasons provided in the thorough Magistrate Judge's Report and Recommendation dated August 22, 2016.

**AFFIRMED.**