NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIR GIORGIO SANFORD CLARDY,

Plaintiff-Appellant,

v.

JUDY GILMORE; et al.,

Defendants-Appellees.

No. 17-35435

D.C. No. 2:15-cv-01241-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 9, 2019[**]
Portland, Oregon

Before: FERNANDEZ, TASHIMA, and OWENS, Circuit Judges.

Sir Giorgio Clardy appeals from the district court's grant of summary

judgment for ten Oregon Department of Corrections ("ODOC") officials

("Defendants"). As the parties are familiar with the facts, we do not recount them

here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

in part, and remand.

1. Clardy argues that the district court erred in granting Defendants' motion to stay discovery pending the resolution of their summary judgment motion. We disagree. Granting the stay was within the district court's discretion. *See Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993). Defendants reasonably sought to stay discovery under Federal Rule of Civil Procedure 26(c) because it would be an unnecessary burden and expense before threshold, dispositive issues, including exhaustion, were resolved. *See* Fed. R. Civ. P. 26(c)(1) (permitting a district court to, "for good cause, issue an order to protect a party or person from . . . undue burden or expense"). Nor has Clardy "show[n] what material facts would be discovered that would preclude summary judgment." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).

2. Next, Clardy alleges that Defendants filed an untimely answer, thus waiving their affirmative defenses. We also reject this argument. The district court allowed Defendants to waive service by filing a form that stated: "If you comply with this request and return the waiver to the court, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed." Accordingly, the Defendants' filing of the waiver form triggered the 21-day deadline to file their answer, which they then complied with. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

3.  Lastly, Clardy argues that the district court erred in granting summary judgment for Defendants.  Although the Prison Litigation Reform Act, 42 U.S.C. § 1997e, requires "compliance with [a prison's] deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), that requirement is excepted if an administrative remedy is unavailable, *see Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).  We review de novo the district court's grant of summary judgment for failure to exhaust administrative remedies.  *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).

First, we affirm the district court's grant of summary judgment for Defendants Bell, Bugher, Gilmore, Miller, Mooney, Peters, and Waggoner.  Clardy never filed a grievance related to the incident at issue naming these seven Defendants, as is required by the ODOC's procedural rules.  *See* Or. Admin. R. 291-109-1040(5) (requiring a prisoner to file a separate grievance for each individual involved in an incident).

Next, we turn to the district court's grant of summary judgment for Defendants Jones and Steiner.  As to these two defendants, Clardy initiated ODOC's administrative review procedure.  However, his grievances were rejected because he had exceeded the maximum number of initial grievances that a prisoner can file per week and month.  Although we have concerns about whether this policy, Or. Admin. R. 291-109-0180(1)(a), renders an administrative remedy

3

unavailable to ODOC prisoners, it did not bar Clardy from exhausting. Clardy had the opportunity to file these grievances before exceeding the limit. As such, based on the facts presented, we affirm the district court's dismissal of Clardy's federal claims against Defendants Jones and Steiner.

Finally, we consider the district court's grant of summary judgment for Defendant Jost. Here, too, Clardy initiated ODOC's administrative review process, filing a grievance specifically naming Defendant Jost. But ODOC rejected this grievance because Clardy had already filed a notice of tort claim related to the same incident. ODOC prohibits filing a notice of tort claim before filing an initial grievance, Or. Admin. R. 291-109-0140(3)(g), or at any point during the administrative review process, Or. Admin. R. 291-109-0160(4). Yet, because Oregon law requires a prisoner to file a notice of tort claim within 180 days of the alleged injury, Or. Rev. Stat. Ann. § 30.275(2)(b), a prisoner in Clardy's position might have to choose between fully exhausting or timely filing a notice of tort claim. As such, we reverse the grant of summary judgment for Defendant Jost and remand for the district court to consider in the first instance whether ODOC's policy prohibiting the simultaneous filing of a grievance and notice of tort claim deprived Clardy of an administrative remedy.[1]

**AFFIRMED in part; REVERSED in part; and REMANDED**.

---

[1] We deny Clardy's motion to transport. Dkt. No. 51.

Each party shall bear its own costs.